```
              UNITED STATES DISTRICT COURT
           EASTERN DISTRICT OF NORTH CAROLINA
                    WESTERN DIVISION



UNITED STATES OF AMERICA,         )
          PETITIONER,             )
                                  )
     V.                           )     5:08-HC-2095-BO
                                  )
JOSEPH AARON EDWARDS,             )
          RESPONDENT.             )
_____    )


                  STATUS CONFERENCE
                   MARCH 29, 2011
         BEFORE THE HONORABLE TERRENCE W. BOYLE
                 U. S. DISTRICT JUDGE




APPEARANCES:

FOR THE PETITIONER:

MR. NORMAN ACKER
ASST. U.S. ATTORNEY
310 NEW BERN AVE.
RALEIGH, NC


FOR THE RESPONDENT:

MS. JANE PEARCE
ASST. FEDERAL PUBLIC DEFENDER
P.O. BOX 25967
RALEIGH, NC




COURT REPORTER:  DONNA J. TOMAWSKI
STENOTYPE WITH COMPUTER AIDED TRANSCRIPTION
```

1    MARCH 29, 2011

2    **THE COURT:** ALL RIGHT. THE NEXT THING WILL BE
3    THE FOLLOW-UP IN THE *EDWARDS* CASE. THIS IS JUST ORAL
4    ARGUMENT. MR. EDWARDS WAS RELEASED.

5    SO A WEEK AGO OR SOMETIME LAST WEEK I ENTERED AN
6    ORDER AT THE GOVERNMENT AND THE DETAINEE'S REQUEST CLOSING
7    THAT CASE. WHAT REMAINS IS THE QUESTION OF PAYMENT; IS
8    THAT IT?

9    **MS. PEARCE:** THAT'S CORRECT, YOUR HONOR.

10   **THE COURT:** OKAY.

11   **MS. PEARCE:** I'D ALSO LIKE TO BRING TO THE
12   COURT'S ATTENTION THEN -- FIRST OF ALL, I'M GRATEFUL AND
13   THANKFUL THAT THE GOVERNMENT DISMISSED THE CASE. HOWEVER,
14   WE RECEIVED FROM THE GOVERNMENT ON WEDNESDAY AN EXPERT
15   REPORT FROM A BOP PSYCHOLOGIST DATED SEPTEMBER 22, 2010.
16   THAT REPORT, I DON'T BELIEVE -- HAVE YOU FILED THAT WITH
17   THE COURT?

18   **MR. ACKER:** NO.

19   **MS. PEARCE:** THAT REPORT FOUND THAT MR. EDWARDS
20   DID NOT MEET THE CRITERIA FOR 4248 COMMITMENT. I THINK
21   IT'S A DISTURBING LAPSE IN THE DISCOVERY PROCESS. I
22   RECOGNIZE THAT DISCOVERY, FROM THE GOVERNMENT'S
23   PERSPECTIVE, AS I UNDERSTAND, INVOLVES GETTING THE
24   DOCUMENTS FROM BOP AND FROM OTHER SOURCES. IF WE HAD
25   RECEIVED THAT DOCUMENT IN A TIMELY MANNER, THAT MIGHT HAVE

```
1    ALTERED HOW WE WOULD HAVE MOVED FORWARD.
2         AS RELATES TO THE APPOINTMENT OF PAYMENT OF
3    DR. SINGER, I ALSO --
```

4         **THE COURT:** WELL, THAT'S WHY -- MY MEMORY MAY BE
5 IMPERFECT, BUT IN THE *BRONCHEAU* ORDER, ONE OF THE POINTS,
6 WHICH WILL PROBABLY GET SHREDDED, WAS THAT YOU NEEDED TO
7 FRONT LOAD THIS WHOLE LAW AND YOU NEEDED TO HAVE A
8 PROBABLE CAUSE HEARING BEFORE THE DETENTION.

9     YOU ARE RELEASED FROM YOUR PRISON SENTENCE, YOU GO TO
10 SUPERVISED RELEASE, IF THAT'S WHAT YOU HAVE, YOU ARE THEN
11 CERTIFIED AND YOU HAVE A HEARING BEFORE YOU BECOME
12 INCARCERATED AGAIN. BUT THAT'S NOT GOING TO HAPPEN. SO
13 THE PROBLEM THAT YOU ARE IDENTIFYING SEEMS TO BE EMBEDDED
14 IN WHAT THE HIGHER COURTS WANT TO HAPPEN IN 4248, WITH
15 LITTLE OR NO RELIEF.

16         **MS. PEARCE:** THAT MAY BE.

17         **THE COURT:** THERE'S NOTHING I CAN DO ABOUT THAT.
18 YOU MAY HAVE A MORE EFFECTIVE OUTCOME IN THE HIGHER
19 COURTS, AND THEN YOU WILL GET IT.

20         **MS. PEARCE:** SO AT THIS POINT WE HAVE ASKED FOR
21 APPOINTMENT AND PAYMENT TO DIRECT THE GOVERNMENT TO PAY
22 FOR THE APPOINTMENT OF DR. SINGER. I ALSO WANT TO USE
23 THIS CASE TO --

24         **THE COURT:** SINGER IS THE PSYCHIATRIST?

25         **MS. PEARCE:** PSYCHOLOGIST.

|   |   |
|---|---|
| 1 | **THE COURT:** HOW MUCH DID HE CHARGE? |
| 2 | **MS. PEARCE:** HIS BILL I DON'T BELIEVE HAS BEEN RECEIVED. LET ME LOOK BACK. |
| 4 | **THE COURT:** YOU HAVE NO IDEA WHETHER IT'S $20 OR $20,000? |
| 6 | **MS. PEARCE:** I CAN ASSURE YOU IT'S NOT GOING TO BE $20. |
| 8 | **THE COURT:** $20,000. |
| 9 | **MS. PEARCE:** I DON'T BELIEVE IT WILL BE 20,000. |

**THE COURT:** HOW MUCH DID HE CHARGE?

**MS. PEARCE:** HIS BILL I DON'T BELIEVE HAS BEEN RECEIVED. LET ME LOOK BACK.

**THE COURT:** YOU HAVE NO IDEA WHETHER IT'S $20 OR $20,000?

**MS. PEARCE:** I CAN ASSURE YOU IT'S NOT GOING TO BE $20.

**THE COURT:** $20,000.

**MS. PEARCE:** I DON'T BELIEVE IT WILL BE 20,000.

I ALSO WANT TO CLARIFY, BECAUSE I COME FROM TEN YEARS OF 4246, USE OF EXPERTS AND PAYMENT BY A DOJ. I VIEW, AND I HAVE TALKED TO MY OTHER COLLEAGUES ON THE 48 TEAM, I VIEW THE COURT'S EXPERT THE SAME WAY I VIEW THE PROBATION OFFICER IN A PRESENTENCE ARENA, WHICH IS EITHER SIDE CAN TALK TO THIS EXPERT. IT IS NOT OUR EXPERT AND IT IS NOT THEIR EXPERT. I KNOW BEFORE SENTENCING THE PROBATION OFFICER DOING THE PRESENTENCE REPORT MAY CONSULT WITH THE GOVERNMENT, MAY HAVE AN INFORMAL CONVERSATION WITH DEFENSE ATTORNEY AND THE PRESENTENCE REPORT DRAFT I IS PRODUCED.

SO I WANT TO CLARIFY THAT BECAUSE I DO BELIEVE THAT THERE'S SOME CONFUSION AMONGST THE GOVERNMENT AND OURSELVES THAT THE REQUEST FOR AN INDEPENDENT EXPERT APPOINTED BY THE COURT IS JUST THAT, AN INDEPENDENT EXPERT TO HELP ASSIST AND INFORM THE COURT, AND WE ARE AUTHORIZED BY STATUTE TO SELECT THE INDIVIDUAL. WE DO NOT CONTROL

```
 1  THE OUTCOME AND WE CAN PROVIDE THE DISCOVERY THAT WE'RE
 2  GIVEN AND IF WE GIVE THEM ANYTHING ELSE WE WOULD GIVE IT
 3  TO THE GOVERNMENT.
 4       NOW, IN THIS CASE WE HAVE FILED A MOTION.  WE CAN
 5  ARGUE IT BUT THEY HAVE NOT HAD A CHANCE TO RESPOND, BUT I
 6  WANT TO LAY OUT THIS BASIC GROUNDWORK.
 7            THE COURT:  IS IT PREMATURE?
 8            MR. ACKER:  IT IS PREMATURE, YOUR HONOR.  OUR
 9  DEADLINE FOR RESPONDING, I BELIEVE, IS APRIL 5, AND WE
10  WILL FILE SOMETHING BY THEN.
11            THE COURT:  THAT'S TUESDAY?
12            MR. ACKER:  TUESDAY.
13            THE COURT:  I'M READY TO ADDRESS IT AFTER THAT.
14            MR. ACKER:  WE WOULD BE READY TO ADDRESS IT,
15  YOUR HONOR.
16            THE COURT:  I WILL BE HERE ON THE 5TH, 6TH AND
17  7TH.  YOU WANT TO HAVE ME RESOLVE IT ON THE 7TH; THAT'S
18  THURSDAY NEXT WEEK.
19            MR. ACKER:  THAT WILL BE FINE, YOUR HONOR.
20            THE COURT:  WE'LL SET IT AT 11 O'CLOCK.
21            MR. ACKER:  THAT'S FINE.
22            THE COURT:  I MEAN, IT'S JUST A QUESTION OF HOW
23  IT'S GOING TO GO AND THERE'S NOTHING COMPLEX OR EXOTIC
24  ABOUT IT, AND I'LL BE READY TO MAKE UP MY MIND.
25            MR. ACKER:  THAT SOUNDS GOOD, YOUR HONOR.
```

```
 1              THE COURT:  GOOD.
 2              MS. PEARCE:  ALL RIGHT.  THANK YOU, YOUR HONOR.
 3   NEXT THURSDAY AT 11?
 4              THE COURT:  YEAH.
 5              MS. PEARCE:  WE'LL GET YOUR RESPONSE BY THEN, BY
 6   TUESDAY?
 7              MR. ACKER:  WE WILL FILE THE RESPONSE BY
 8   TUESDAY.
 9              THE COURT:  AND I WOULD THINK THAT THERE WILL
10   BE, AT LEAST IN TERMS OF THE CASES I HAVE, ONE SIZE FITS
11   ALL.  YOU DON'T HAVE TO REDO IT IN EVERY CASE.
12              MR. ACKER:  PROBABLY, YOUR HONOR.  I THINK THERE
13   MAY BE ONE OR TWO LITTLE GLITCHES, DEPENDING ON HOW YOUR
14   HONOR VIEWS THE CASE, THAT IT MAY OR MAY NOT BE THE SAME
15   IN EVERY CASE.
16              THE COURT:  IS THAT RIGHT?
17              MR. ACKER:  WE THINK THE FRAMEWORK WILL BE THE
18   SAME IN EVERY CASE.
19              THE COURT:  I APPRECIATE THE LAWYERS' WORK
20   TODAY.  WE'LL BE IN RECESS.
21
22
23
24                         END OF TRANSCRIPT
25
```

CERTIFICATE

THIS IS TO CERTIFY THAT THE FOREGOING TRANSCRIPT OF PROCEEDINGS TAKEN AT THE CIVIL SESSION OF UNITED STATES DISTRICT COURT IS A TRUE AND ACCURATE TRANSCRIPTION OF THE PROCEEDINGS TAKEN BY ME IN MACHINE SHORTHAND AND TRANSCRIBED BY COMPUTER UNDER MY SUPERVISION.

THIS THE <u>25TH</u> DAY OF <u>AUGUST</u>, 2011.

<u>/S/ DONNA J. TOMAWSKI</u>

DONNA J. TOMAWSKI
OFFICIAL COURT REPORTER