UNITED STATES DISTRICT COURT
                 EASTERN DISTRICT OF NORTH CAROLINA
                         WESTERN DIVISION


UNITED STATES OF AMERICA,          )
              PETITIONER,          )
                                   )
         V.                        )      5:08-HC-2095-BO
                                   )
JOSEPH AARON EDWARDS,              )
              RESPONDENT.          )
_____   )


                       STATUS CONFERENCE
                       FEBRUARY 11, 2011
              BEFORE THE HONORABLE TERRENCE W. BOYLE
                     U. S. DISTRICT JUDGE




APPEARANCES:

FOR THE PETITIONER:

MR. NORMAN ACKER
ASST. U.S. ATTORNEY
310 NEW BERN AVE.
RALEIGH, NC


FOR THE RESPONDENT:

MR. JOSEPH ROSS
ASST. FEDERAL PUBLIC DEFENDER
P.O. BOX 25967
RALEIGH, NC




COURT REPORTER:  DONNA J. TOMAWSKI
STENOTYPE WITH COMPUTER AIDED TRANSCRIPTION

1          FRIDAY, FEBRUARY 11, 2011

2          **THE COURT:** GOOD AFTERNOON. MR. ACKER, TELL ME

3    WHERE YOU ARE IN THE DISCOVERY PRODUCTION.

4          **MR. ACKER:** BE GLAD TO, YOUR HONOR. THERE ARE

5    TWO BASIC KINDS OF INITIAL DISCLOSURES THAT WE'RE MAKING;

6    ONE IS THE DOCUMENTS, BASICALLY ALL OF THEIR MEDICAL

7    RECORDS, THEIR PSYCHOLOGICAL RECORDS, THEIR PRISON

8    DISCIPLINARY RECORDS, ET CETERA. AND THEN THE OTHER KIND

9    OF INITIAL DISCLOSURE IS EXPERT REPORTS.

10         SO I'LL DEAL WITH THOSE TWO KINDS DIFFERENTLY FOR

11   EACH OF THE FIVE PEOPLE. WOULD YOU LIKE ME TO GIVE YOU --

12         **THE COURT:** WE WILL START WITH MR. EDWARDS AND

13   THEN MR. TIMMS AND MR. JOHNSON AND MR. HALL.

14         **MR. ACKER:** YES. SO FOR MR. EDWARDS, WE

15   COMPLETED ALL OF OUR INITIAL DISCLOSURES, BOTH THE

16   DOCUMENTS AND THE EXPERT REPORTS ON OCTOBER 4, OF 2010.

17         **THE COURT:** OKAY. SO DISCOVERY IS COMPLETE?

18         **MR. ACKER:** FROM THE GOVERNMENT. NOW, PURSUANT

19   TO THE STANDING ORDER, WHICH YOUR HONOR CERTAINLY CAN

20   MODIFY, BUT PURSUANT TO THE STANDING ORDER, THAT WOULD

21   HAVE GIVEN THE RESPONDENT UNTIL, I BELIEVE IT WAS

22   DECEMBER 6, TO PRODUCE. THE RESPONDENT FILED A MOTION FOR

23   EXTENSION OF TIME FOR 90 DAYS, WHICH THE GOVERNMENT DID

24   NOT OPPOSE, BUT THE COURT HAS NOT RULED ON THAT. THAT

25   WOULD BE A DEADLINE UNTIL MARCH 7, FOR THE RESPONDENTS TO

1  GET THEIR DISCOVERY TO US.

2           **THE COURT:**  WHAT KIND OF DISCOVERY DO YOU EXPECT

3  TO GET FROM THEM?

4           **MR. ACKER:**  WELL, THE MAIN THING IS IF THEY HAVE

5  AN EXPERT, WE NEED THE REPORT.  THE STANDING ORDER

6  REQUIRES THEM TO GIVE US ANY OTHER MEDICAL RECORDS, ANY

7  OTHER PSYCHOLOGICAL RECORDS, ANYTHING THEY PLAN TO USE AT

8  TRIAL THEY MUST DISCLOSE TO US, ALONG WITH THEIR EXPERT.

9      SO THAT'S CURRENTLY -- THEY HAVE REQUESTED UNTIL

10  MARCH 7.  I HAVE BEEN INFORMED THAT THEY WOULD LIKE TO

11  HAVE UNTIL MARCH 15, BUT YOU WOULD HAVE TO TAKE THAT UP

12  WITH THE PUBLIC DEFENDER.

13           **THE COURT:**  I HAVEN'T REALLY GIVEN THIS ANY

14  THOUGHT BEFORE, BUT IT OCCURS TO ME IN THE WAY IN WHICH

15  THESE CASES BALANCE OUT, WHY DOES THE DEFENDANT -- I

16  UNDERSTAND YOU CAN SAY IT'S A CIVIL CASE AND THAT THERE'S

17  MUTUALITY AND THIS AND THAT, BUT WHY SHOULD THE DEFENDANT

18  HAVE TO TELL YOU ANYTHING?  IT SEEMS TO ME THAT THE

19  DEFENDANT SHOULDN'T HAVE TO TELL YOU A WORD.  IF IT WAS A

20  CRIMINAL CASE, THE DEFENDANT HAS NO OBLIGATION.  YOU CAN'T

21  ASK THE DEFENDANT FOR DISCOVERY.

22           **MR. ACKER:**  I BELIEVE EVEN IN CRIMINAL CASES,

23  YOUR HONOR, IF THEY HAVE AN EXPERT I BELIEVE THEY HAVE

24  CERTAIN DISCOVERY OBLIGATIONS UNDER RULE 14.  I DON'T

25  PRIMARILY PRACTICE IN THE CRIMINAL AREA BUT THERE ARE SOME

1  DISCOVERY OBLIGATIONS EVEN IN CRIMINAL CASES.

2  **THE COURT:**  IF THE DEFENDANT HAS AN EXPERT THAT

3  SAYS HE OR SHE IS INSANE, BUT I DON'T KNOW THAT THEY HAVE

4  AN OBLIGATION TO DISCLOSE EVIDENCE WHERE THEY DON'T HAVE A

5  BURDEN OF PROOF.  I MEAN, THEY HAVE A BURDEN OF COMING

6  FORWARD WITH AN INSANITY DEFENSE, BUT --

7  **MR. ACKER:**  I'D HAVE TO GO BACK TO THE RULES,

8  BUT I DO KNOW THAT THERE ARE SOME DISCOVERY OBLIGATIONS

9  EVEN IN CRIMINAL CASES.

10  BUT, YOUR HONOR, THIS IS A CIVIL CASE AND THEY ARE

11  REQUIRED TO DISCLOSE TO US CERTAIN THINGS, INCLUDING, AT A

12  MINIMUM, ANY EVIDENCE THAT THEY INTEND TO INTRODUCE AT

13  TRIAL.

14  **THE COURT:**  THEY DON'T HAVE TO PROVE THAT THEY

15  ARE SANE; YOU HAVE TO PROVE THAT THEY ARE NOT SANE.

16  **MR. ACKER:**  THAT'S CORRECT, YOUR HONOR.  BUT THE

17  CIVIL RULES ARE SET UP SO BOTH PARTIES COME IN KNOWING, NO

18  SURPRISES, ESSENTIALLY FULL DISCLOSURE OF WHAT THEY INTEND

19  TO INTRODUCE AT TRIAL.  IF THE RESPONDENT DECIDES THEY ARE

20  NOT GOING TO INTRODUCE ANY EVIDENCE, THEN CONCEIVABLY THEY

21  WOULDN'T HAVE TO PRODUCE ANYTHING TO US.  NOW, THE

22  STANDING ORDER DOES AND CIVIL RULES PROVIDE A LITTLE MORE.

23  **THE COURT:**  BUT I DON'T THINK THAT'S THOUGHT

24  THROUGH.  I THINK THAT WAS JUST A KNEE-JERK STANDING ORDER

25  WHERE IT WAS GRAFTED ONTO THE PROCEEDINGS THAT IT'S A

1  CIVIL CASE AND THEREFORE IT'S JUST LIKE A CONTRACT SUIT OR

2  SOMETHING LIKE THAT.  THAT'S NOT THE REALITY OF IT.  THE

3  REALITY IS THEY SHOULDN'T HAVE TO PRODUCE ANYTHING.

4         **MR. ACKER:**  WELL, YOUR HONOR, THE OTHER PLACE

5  THAT EXPERT REPORTS ARE REQUIRED TO BE PRODUCED IS THE

6  PROCEDURE UNDER 4248 INCORPORATES THE PROCEDURES UNDER

7  SECTION 4247, AND UNDER THAT THE EXPERT REPORT IS GIVEN TO

8  THE COURT, IS FILED WITH THE COURT, SO THAT BOTH SIDES

9  HAVE EACH OTHER'S EXPERTS BEFORE THE HEARING.  THAT IS

10  ROUTINELY DONE IN THE 4246 CASES, WHICH ALSO USE THE

11  PROCEDURE UNDER 4247.

12         **THE COURT:**  THE ISSUE IS WHETHER YOU CORRECTLY

13  CERTIFIED THE PERSON WHEN YOU MADE THE CERTIFICATION.  IF

14  YOU DIDN'T, THEN THEY'RE TO BE RELEASED.

15         **MR. ACKER:**  WELL, THE ISSUE I THINK IS A LITTLE

16  BIT MORE THAN THAT.  I THINK THE BURDEN ON US IS A LITTLE

17  MORE THAN THAT, YOUR HONOR.  IT'S WHETHER OR NOT WE CAN

18  PROVE THE ELEMENTS IN THE STATUTE.  NOT JUST WHETHER THE

19  CERTIFICATION WAS CORRECT BUT WHETHER THE UNDERLYING FACTS

20  MEET THE BURDEN THAT WE HAVE BY A PREPONDERANCE OF THE

21  EVIDENCE.

22      BUT, YES, YOUR HONOR, THE BURDEN IS ON US, BUT IN A

23  CIVIL CASE AND SPECIFICALLY UNDER THE PROCEDURES SET OUT

24  IN SECTION 4247, THE EXPERT REPORTS ARE SUPPOSED TO BE

25  DISCLOSED IN ADVANCE.

1    IN ADDITION, YOUR HONOR, BECAUSE THIS IS A CIVIL CASE

2 THE STANDING ORDER, AND IT WAS NOT A KNEE-JERK STANDING

3 ORDER, IT'S SOMETHING THE FEDERAL PUBLIC DEFENDER AND

4 UNITED STATES ATTORNEY JOINTLY DISCUSSED, JOINTLY

5 PRESENTED A PLAN TO THE COURT, TO JUDGE BRITT TO WHOM ALL

6 OF THESE CASES WERE ASSIGNED AT THE TIME, AND IT'S MY --

7        **THE COURT:**  NO, DIDN'T THE STANDING ORDER COME

8 OUT AFTER *COMSTOCK* AND AFTER JULY?

9        **MR. ACKER:**  YES, YOUR HONOR.

10        **THE COURT:**  JUDGE BRITT DIDN'T HAVE ALL OF THESE

11 CASES THEN, THEY WERE SCATTERED AMONG THE REST OF US.

12        **MR. ACKER:**  I'D HAVE TO GO BACK AND LOOK, YOUR

13 HONOR, BUT I BELIEVE THAT WHEN WE FIRST STARTED TALKING TO

14 JUDGE BRITT ABOUT THESE, I BELIEVE ALL THE CASES WERE

15 STILL ASSIGNED TO HIM.

16        **THE COURT:**  YOU WEREN'T TALKING TO HIM ABOUT IT

17 UNTIL *COMSTOCK* GOT HANDED DOWN.

18        **MR. ACKER:**  THE *COMSTOCK* ORDER FROM THE SUPREME

19 COURT, YOU ARE CORRECT, YOUR HONOR.

20        **THE COURT:**  UNTIL THAT HAPPENED, YOU HAD NO

21 FORECAST THAT YOU WOULD BE HAVING DISCOVERY OR ANYTHING

22 ELSE.

23        **MR. ACKER:**  THAT'S CORRECT, YOUR HONOR.  SO IT'S

24 OUR CONTENTION THAT THE CIVIL RULES DO APPLY, THAT WE ARE

25 ENTITLED TO DISCOVERY UNDER THE CIVIL RULES TO THE FULL

1  EXTENT OF THE CIVIL RULES, AND CERTAINLY TO THE EXTENT

2  UNDER THE STANDING ORDER.

3      ONE OF THOSE THINGS, YOUR HONOR, THAT WILL COME UP IN

4  PARTICULAR WITH MR. EDWARDS IS, AND WITH ALL OF THESE, IS

5  WHETHER OR NOT WE ARE ENTITLED TO INTERVIEW AND DEPOSE THE

6  RESPONDENT.  IT'S OUR CONTENTION --

7          **THE COURT:**  THE RESPONDENT, MEANING THE

8  DETAINEE?

9          **MR. ACKER:**  THE DETAINEE.

10          **THE COURT:**  YOU DID THAT WHILE HE WAS IN THE

11  BOP.

12          **MR. ACKER:**  NO, YOUR HONOR.  MOST OF THESE

13  REFUSED TO BE INTERVIEWED BY OUR EXPERT.  SO OUR EXPERT

14  REPORTS ARE BASED SOLELY ON DOCUMENTARY EVIDENCE AND OTHER

15  OBSERVATIONAL EVIDENCE BUT NOT FROM AN INTERVIEW OF HIM.

16  MOST OF THESE REFUSED TO BE INTERVIEWED.

17          **THE COURT:**  OKAY.

18          **MR. ACKER:**  IF THE RESPONDENT, THE DETAINEE,

19  CONTINUES TO MAINTAIN THAT HE REFUSES TO TALK --

20          **THE COURT:**  FIFTH AMENDMENT PRIVILEGES.

21          **MR. ACKER:**  YES.  HE CERTAINLY CAN CLAIM IT.

22  NOW, WE WOULD CONTEND --

23          **THE COURT:**  YOU ARE NOT GOING TO GIVE HIM

24  IMMUNITY, ARE YOU?

25          **MR. ACKER:**  NO, YOUR HONOR.  WE CERTAINLY

1  BELIEVE HE'S ENTITLED TO CONTINUE TO CLAIM THOSE FIFTH

2  AMENDMENT PRIVILEGES.

3      NOW, IN CIVIL CASES, THE FINDER OF FACT MAY DRAW

4  INFERENCES FROM THAT.  SO THE COURT MAY OR MAY NOT DRAW

5  ANY INFERENCES FROM THE FACT THAT HE CLAIMED THE FIFTH

6  AMENDMENT.  BUT HE'S ENTITLED TO THAT; WE DON'T DISPUTE

7  THAT AT ALL.  HOWEVER, YOUR HONOR, IF HE CHOOSES TO TALK

8  TO THE EXPERT HIRED BY HIS ATTORNEYS, WE BELIEVE THAT IS

9  WAIVING HIS FIFTH AMENDMENT PRIVILEGES IF THAT EXPERT IS

10 GOING TO TESTIFY AT TRIAL.  BECAUSE THEN EVIDENCE FROM HIS

11 OWN MOUTH IS GOING TO COME IN THROUGH HIS EXPERT.

12     IF HE CHOOSES TO DO THAT, WE BELIEVE THAT HE SHOULD

13 BE REQUIRED TO ALSO SUBMIT TO AN INTERVIEW FROM THE

14 GOVERNMENT'S EXPERTS AS WELL AS SUBMIT TO A DEPOSITION

15 UNDER THE CIVIL RULES.  IT'S MY UNDERSTANDING, AND HIS

16 ATTORNEYS CAN CORRECT ME IF I'M WRONG, THAT MR. EDWARDS

17 HAS NOT YET SPOKEN TO THEIR EXPERT BUT INTENDS TO.  WE

18 CONTEND THAT IF HE EITHER HAS OR IF HE DOES, THAT WE'RE

19 THEN ENTITLED TO HAVE OUR EXPERT INTERVIEW HIM AND TO

20 DEPOSE HIM.

21     IF HE CHOOSES TO REMAIN SILENT, THAT'S FINE, YOUR

22 HONOR, BUT I DON'T THINK HE SHOULD BE ALLOWED TO TESTIFY

23 AT TRIAL.  HE'S GOT TO MAKE A DECISION ONE WAY OR THE

24 OTHER.  WE DON'T CARE WHICH ONE HE MAKES, BUT IF HE

25 CHOOSES -- IF HE WANTS TO TESTIFY AT TRIAL, THAT'S ONE OF

1    THE THINGS THAT MAKES IT DIFFERENT IN A CRIMINAL CASE.  IN

2    A CRIMINAL CASE, HE CAN WAIT UNTIL AFTER THE GOVERNMENT

3    PUTS ON ITS EVIDENCE, BUT IN A CIVIL MATTER IF HE REFUSES

4    TO SUBMIT TO DEPOSITION AND REFUSES TO SUBMIT TO AN

5    INTERVIEW BY OUR EXPERTS, THEN WE BELIEVE THAT BOTH HIS

6    TESTIMONY AND ANY TESTIMONY FROM ANYONE ELSE WHO HAS

7    SPOKEN TO HIM, INCLUDING HIS EXPERT, SHOULD BE EXCLUDED

8    FOR FAILURE TO COOPERATE WITH DISCOVERY.

9         **THE COURT:**  AS AN ASIDE, IN *COMSTOCK* 2 IN THE

10   4TH CIRCUIT, DID THEY DIRECTLY ADDRESS THE CRIMINAL VERSUS

11   CIVIL ISSUE OR DID THEY -- WAS THAT NOT CONSIDERED TO BE

12   EMBEDDED IN THE REMAND?

13        **MR. ACKER:**  I WOULD HAVE TO GO BACK -- I DON'T

14   BELIEVE THAT THE 4TH CIRCUIT DIRECTLY ADDRESSED THAT.

15   THEY MAY HAVE ADDRESSED IT, IN ESSENCE, IN THEIR ANALYSIS

16   TALKING ABOUT IT AS A CIVIL MATTER.  I'D HAVE TO GO BACK

17   AND REREAD THAT OPINION.

18        **THE COURT:**  THE *TIMMS* OPINION SIDE-STEPPED THAT

19   COMPLETELY.  TIMMS WAS REMANDED WITHOUT EVER DEALING WITH

20   THE ISSUE OF WHETHER OR NOT IT WAS A CRIMINAL CASE.

21        **MR. ACKER:**  THAT IS CORRECT, YOUR HONOR.

22        **THE COURT:**  I MEAN, I'M JUST ASKING THIS TO SEE

23   IF I'M BARRED FROM TREATING IT LIKE A CRIMINAL CASE AND

24   SAYING THAT HE DOESN'T HAVE AN OBLIGATION TO TESTIFY, YOU

25   CAN'T COMPEL HIS TESTIMONY, AND YOU DON'T GET DISCOVERY.

1    **MR. ACKER:** WELL, YOUR HONOR, IF I RECALL IN

2    *COMSTOCK* 2, THEY ADDRESSED THE ISSUE OF BURDEN OF PROOF

3    AND SPECIFICALLY FOUND THE BURDEN OF PROOF WAS A

4    PREPONDERANCE OF THE EVIDENCE. I BELIEVE, WHETHER THEY

5    DIRECTLY ADDRESSED THAT ISSUE OR NOT, YOUR HONOR, IF THIS

6    WAS CRIMINAL THEN WE BELIEVE THAT IT WOULD HAVE HAD TO

7    HAVE BEEN BEYOND A REASONABLE DOUBT. BUT THEY FOUND --

8    NOT PREPONDERANCE, CLEAR AND CONVINCING. WE ONLY HAVE TO

9    PROVE BY CLEAR AND CONVINCING AND NOT BEYOND A REASONABLE

10   DOUBT.

11       SO I'D HAVE TO GO BACK TO THE LANGUAGE OF THE

12   OPINION, YOUR HONOR, TO MAKE ABSOLUTELY CERTAIN WHETHER

13   THEY ADDRESSED IT DIRECTLY, THE CIVIL VERSUS CRIMINAL

14   NATURE, OR ONLY INDIRECTLY.

15       **THE COURT:** WELL, I THINK IN *COMSTOCK* 1 THERE

16   WAS NO VETTING OR DEVELOPING OF THE ISSUE OF WHETHER IT

17   WAS A CRIMINAL PROCEEDING RATHER THAN A CIVIL PROCEEDING.

18   IN *TIMMS*, THE ARGUMENT WAS THAT IRRESPECTIVE OF WHAT THE

19   STATUTE SAYS AND PUTTING ASIDE WHAT CONGRESS MAY HAVE

20   LEGISLATED AS APPLIED, IT WAS CRIMINAL.

21       **MR. ACKER:** YOU STATE THAT CORRECTLY, YOUR

22   HONOR.

23       **THE COURT:** AND I DON'T KNOW THAT *COMSTOCK* 2

24   EVER OPENED THAT UP AND DEALT WITH THE "AS APPLIED" ASPECT

25   OF IT WHERE THE CERTIFICATION AND THE PUNISHMENT THAT

1  RESULTED FROM IT WAS CRIMINAL.

2  **MR. ACKER:** I'D HAVE TO GO BACK TO THE LANGUAGE

3  OF THE OPINION, BUT MY RECOLLECTION IS THAT THEY DEALT

4  WITH IT ONLY INDIRECTLY.

5  **THE COURT:** WELL, IT CAN'T BE BOTH, IT CAN'T BE

6  LIKE CRIMINAL BUT NOT REALLY CRIMINAL. IT HAS TO BE ONE

7  OR THE OTHER BECAUSE IF IT'S CRIMINAL THEN IT IMPLODES

8  WITH ALL SORTS OF CIVIL LIBERTIES, LIKE INDICTMENT AND EX

9  POST FACTO, AND DOUBLE JEOPARDY. THERE'S A LIMITLESS

10 NUMBER OF BARRIERS THAT RISE UP IF IT'S CRIMINAL, EITHER

11 AS APPLIED OR IN ANY WAY.

12 **MR. ACKER:** WELL, THAT'S WHY I BELIEVE, YOUR

13 HONOR, FOR PRECISELY THAT REASON I THINK *COMSTOCK* 2 DID --

14 **THE COURT:** THEY DIDN'T SAY IT.

15 **MR. ACKER:** THEY MAY NOT HAVE SAID IT.

16 **THE COURT:** BOLD PRINT. THIS IS A CIVIL CASE,

17 NOT A CRIMINAL CASE, PERIOD, WE MAKE THAT RULING.

18 **MR. ACKER:** I DON'T BELIEVE THEY SAID THAT.

19 HOWEVER, THEY DID FIND THAT THE GOVERNMENT'S BURDEN IS

20 ONLY CLEAR AND CONVINCING AND NOT BEYOND A REASONABLE

21 DOUBT. IF YOUR HONOR IS CORRECT THAT IT'S ONE OR THE

22 OTHER, THEN THAT FINDING SAYS IT'S CIVIL.

23 **THE COURT:** YEAH, BUT THAT MAY BE -- I DON'T

24 KNOW WHAT IT IS, BUT IT MAY BE AN OUTGROWTH OF THE FACT

25 THAT THE TRIAL COURT, AT THE INITIAL *COMSTOCK* LEVEL, FOUND

1   THAT IT SHOULD BE PROOF BEYOND A REASONABLE DOUBT, NOT

2   CLEAR AND CONVINCING PROOF, AND THEY MAY HAVE BEEN LOCKED

3   INTO TALKING ABOUT THAT.  THE TRIAL COURT, IF I'M CORRECT,

4   IN *COMSTOCK* 1 BACK IN 2007-ISH, WHENEVER IT WAS, RULED

5   THAT IT WAS CIVIL AND THAT THE BURDEN OF PROOF WAS BEYOND

6   A REASONABLE DOUBT, WHICH IS A LITTLE BIT OF AN ANOMALY;

7   IS THAT NOT CORRECT?

8           **MR. ACKER:**  YOU ARE CORRECT, YOUR HONOR.  I

9   BELIEVE THAT IS CORRECT.  HOWEVER, THE 4TH CIRCUIT HAS THE

10  AUTHORITY TO UPHOLD A CONCLUSION OF THE DISTRICT COURT

11  EVEN FOR A DIFFERENT REASON.  SO IF THE 4TH CIRCUIT HAD

12  BELIEVED THAT THIS WAS A CRIMINAL MATTER, THEN THE 4TH

13  CIRCUIT, I BELIEVE, WOULD HAVE RULED THAT THE PROOF SHOULD

14  BE BEYOND A REASONABLE DOUBT.

15          **THE COURT:**  YEAH, AND IN *COMSTOCK* 2 THEY SAID IT

16  WAS BY CLEAR AND CONVINCING EVIDENCE.

17          **MR. ACKER:**  THAT'S CORRECT.  SO ACCORDING TO

18  YOUR HONOR'S ANALYSIS THAT IT HAS TO BE ONE OR THE OTHER,

19  I THINK THE 4TH CIRCUIT HAS RULED IT'S CIVIL.

20          **THE COURT:**  BY IMPLICATION.

21          **MR. ACKER:**  BY IMPLICATION.

22          **THE COURT:**  ALL RIGHT.  I MAY COME BACK.  I

23  THANK YOU FOR YOUR WORK.

24          **MR. ACKER:**  OKAY.

25          **THE COURT:**  WHO'S GOING TO SPEAK TO THE EDWARDS

1  CASE?  MR. ROSS.

2        **MR. ROSS:**  YES, YOUR HONOR.

3        **THE COURT:**  WHY IN THE WORLD DO YOU WANT TO

4  DELAY GETTING TO TRIAL IN THIS?  WHY WOULD YOU BE ASKING

5  FOR AN EXTENSION?  THIS DISCOVERY MATTER JUST BAFFLES ME.

6        **MR. ROSS:**  I UNDERSTAND THAT, YOUR HONOR.  I

7  THINK WE WANT THE COURT -- WE WANT THE COURT'S EXAMINER TO

8  SEE OUR CLIENT.  WE DON'T KNOW WHETHER HE WILL SPEAK TO

9  HIM, BUT ONCE WE HAVE THAT WE WILL BE ABLE TO TURN OVER

10  DISCOVERY TO THE GOVERNMENT, WE'RE HOPING BY THE 15TH OF

11  THIS MONTH -- OF MARCH, EXCUSE ME.

12        **THE COURT:**  BUT I WAS GOING TO TRY A CASE OR

13  CASES ON THE 21ST.  I MEAN, I'M TRYING TO GET THESE TO

14  TRIAL AND EVERY TIME I DO, SOMEBODY COMES UP WITH A REASON

15  WHY THEY CAN'T EVER BE TRIED.  I DON'T UNDERSTAND THAT.

16      MR. EDWARDS IS THE GENTLEMAN FROM NEW MEXICO OR

17  ARIZONA?  HE'S FROM ARIZONA WHO HAD THE INTERPRETER, BUT

18  YOU AGREE HE DOESN'T NEED AN INTERPRETER?

19        **MR. ROSS:**  THAT'S CORRECT.

20        **THE COURT:**  WHY DON'T YOU -- I MEAN, WHAT ARE

21  YOUR PLANS FOR THE HEARING?  DO YOU WANT HIM TO HAVE A

22  HEARING OR NOT?

23        **MR. ROSS:**  YES.  WE'LL BE READY IN EARLY APRIL.

24        **THE COURT:**  DO YOU WANT TO CONFESS JUDGMENT AND

25  JUST ADMIT THAT HE'S DETAINABLE AND GO ON FROM THERE?

     1          **MR. ROSS:**  NO, YOUR HONOR.  WE WILL BE READY FOR

     2   THIS HEARING FOR THIS TRIAL IN EARLY APRIL.

     3          **THE COURT:**  SO THEY GAVE YOU THE DISCOVERY YOU

     4   WERE ENTITLED TO BY DECEMBER 6, IS THAT WHAT THEY SAID?

     5          **MR. ACKER:**  OCTOBER 4, YOUR HONOR.

     6          **THE COURT:**  OCTOBER 4.  AND DECEMBER 6 IS WHEN

     7   YOU ASKED FOR AN EXTENSION?

     8          **MR. ROSS:**  YES, EARLY DECEMBER.

     9          **THE COURT:**  WHY DO YOU WANT AN EXTENSION?  I

    10   DON'T UNDERSTAND.

    11          **MR. ROSS:**  WELL, BASICALLY TO GET A COURT

    12   EVALUATOR, IT TOOK SOME TIME BUT THESE EVALUATORS ARE ALL

    13   OVER THE COUNTRY.

    14          **THE COURT:**  BUT THE TRIAL JUDGE IS GOING TO BE

    15   THE EVALUATOR.  WHY DON'T YOU WANT TO GET IN FRONT OF THE

    16   JUDGE?  SEEMS TO ME THAT THAT'S THE WAY TO GO.

    17          **MR. ROSS:**  YES, SIR.  WELL, WE'RE HOPING TO GET

    18   IN FRONT OF THE EVALUATOR, WHICH IS YOU, IN EARLY APRIL.

    19          **THE COURT:**  WAS IT JANUARY 28 WHEN WE WERE HERE

    20   AND I MADE THESE DATES?

    21          **MR. ACKER:**  I DON'T REMEMBER THE EXACT DATE.

    22          **THE COURT:**  YOU WEREN'T HERE BUT MR. RENFER WAS

    23   HERE.

    24          **MR. ACKER:**  I BELIEVE IT WAS ABOUT THAT TIME.

    25          **THE COURT:**  WAS IT FRIDAY THE 21ST OR 28TH?

1    **MR. ACKER:**  IT WAS JANUARY 20TH.

2    **THE COURT:**  OKAY.  THURSDAY, THE 20TH.  OKAY.

3    SO THAT'S THREE WEEKS AGO.  I JUST KNEW THEN THAT THE

4    LAWYERS IN THIS CASE WERE GOING TO COME BACK AND SAY, WE

5    DIDN'T DO IT AND WE CAN'T DO IT, RATHER THAN WE HAVE DONE

6    IT.  I JUST KNEW THAT AND I SAY THAT BECAUSE I HAVE THE

7    SAME LACK OF CONFIDENCE ABOUT THE 21ST AND SOME DATE IN

8    APRIL AND SOME DATE IN MAY AND SOME DATE IN JUNE.  I HAVE

9    THE FEELING THAT ONLY THE COURT CARES; THAT THE LAWYERS

10   INVOLVED COULD CARE LESS, THAT THEY'VE COMMITTED

11   THEMSELVES TO SOME KAFKAESQUE, BYZANTINE APPROACH TO THIS

12   WHERE IT WOULD JUST CARRY ITS OWN WEIGHT INDEFINITELY AND

13   COME UP WITH A NEW RULE OF PROCEDURE OR NEW TWIST TO A

14   DEFENSE.

15        I MEAN, YEARS OF PLANNING, NOT A MOMENT OF EXECUTION.

16   THAT'S THE THEME OF THIS.  I SAY THAT WITH CONFIDENCE

17   BECAUSE THAT'S WHAT'S BEEN GOING ON SINCE 2006.  NOW WE'RE

18   IN 2011, WE'RE APPROACHING THE FIVE YEAR MARK OF THE FIRST

19   CASES.

20        COULD YOU IMAGINE WHAT WOULD HAPPEN IF THESE WERE

21   INDICTED CRIMES?  THEY'RE INCARCERATED IN THE BOP.  IF

22   THERE'S ONLY ONE PERSON WHO DOESN'T GET DETAINED AFTER

23   THEIR HEARING, HOW DO YOU GIVE THEM BACK THE TIME?  SAY

24   WHOOPS, WE SHOULD HAVE TAKEN A LOOK AT THIS ONE, TWO,

25   THREE, FOUR YEARS AGO?

1    ARE YOU AFRAID YOU ARE GOING TO GET SUED FOR

2   MALPRACTICE OR SOMETHING LIKE THAT?  WHY WOULDN'T YOU WANT

3   A HEARING THIS AFTERNOON OR MONDAY AND IF YOU LOSE, SIX

4   MONTHS LATER YOU GET TO DO IT AGAIN?

5         **MR. ROSS:**  TO BE HONEST WITH YOU, YOUR HONOR,

6   THIS IS NEW TO ALL OF US.

7         **THE COURT:**  WELL, IT'S NEW TO ME BUT I HAVE MORE

8   WILLINGNESS TO DO IT THAN ANYBODY ELSE DOES.  IT WILL ONLY

9   BECOME OLD IF WE DO IT.  HAVE YOU LOST ANYMORE CLIENTS

10  SINCE THE LAST HEARING?

11        **MR. ROSS:**  NOT THAT I'M AWARE OF.

12        **THE COURT:**  OKAY.

13        **MR. ACKER:**  YOUR HONOR, OUR ONLY REQUEST IS THAT

14  WE BE GIVEN A REASONABLE PERIOD OF TIME AFTER WE GET THE

15  EXPERT REPORT AND THE DISCLOSURES FROM THEM, TO TAKE HIS

16  DEPOSITION AND THEN WE'LL BE READY FOR TRIAL.

17        **THE COURT:**  OKAY.  YOU GAVE THEM YOUR DISCOVERY

18  OCTOBER 4.  SO NOVEMBER, DECEMBER, JANUARY, FEBRUARY,

19  THAT'S MORE THAN 120 DAYS AGO.

20        **MR. ACKER:**  YES, YOUR HONOR.

21        **THE COURT:**  TODAY IS THE 11TH.  SO IT'S 125 DAYS

22  AGO, SOMETHING LIKE THAT.  HOW CAN YOU NOT HAVE DONE

23  WHATEVER YOU NEEDED TO DO IN 125 DAYS?

24        **MR. ROSS:**  THE FIRST TIME WE HAVE BEEN ABLE TO

25  SCHEDULE THE EVALUATOR IS FOR THE 28TH BECAUSE OF HIS

```
1   SCHEDULE, AND THAT IS --

2              THE COURT:  GET ANOTHER EVALUATOR.  IN OCTOBER

3   YOU SHOULD HAVE GOTTEN ANOTHER ONE.  THIS IS THE ONLY ONE

4   IN THE WORLD?  I DOUBT THAT.  GET SOMEONE WHO'S AN

5   APPRENTICE, GET SOMEONE WHO'S LEARNING, GET SOMEONE WHO

6   DIDN'T WIN THE NOBEL PRIZE.  SEEMS TO ME THAT TIME IS OF

7   THE ESSENCE.

8       SO WHAT IS IT YOU WANT?  DIDN'T I SET THE CASE FOR

9   TRIAL ON MARCH 21?

10             MR. ROSS:  NO.  I BELIEVE MR. CRAVEN WAS SET FOR

11  MARCH.

12             MR. CRAVEN:  I THINK THAT DATE WAS WITH RESPECT

13  TO THE CASE OF ANTON JOHNSON.  I'M PREPARED TO SPEAK.

14             THE COURT:  WE'LL GET TO THAT.

15             MR. CRAVEN:  I'M PREPARED TO SPEAK TO THAT

16  SITUATION.

17             THE COURT:  OKAY, WE'LL GET TO THAT.

18             MR. ROSS:  IF THE COURT ALLOWS, WE WILL BE READY

19  ON MARCH 28.

20             THE COURT:  MARCH 28?

21             MR. ROSS:  YES.

22             THE COURT:  ALL RIGHT.  WHAT DO YOU MEAN, BE

23  READY?  DOES THAT MEAN THAT YOU WILL GIVE THEM YOUR

24  DISCOVERY ON MARCH 28?

25             MR. ROSS:  WE WILL GIVE THEM OUR DISCOVERY BY
```

```
1   MARCH 15.

2             THE COURT:  OKAY.

3             MR. ACKER:  YOUR HONOR, WE HAD NOT OPPOSED THEIR

4   EXTENSION OF TIME THROUGH MARCH 7, AND WE STILL DO NOT

5   OPPOSE THAT.  IF THEY'RE NOT GOING TO PRODUCE THEIR REPORT

6   TO US UNTIL MARCH 15, THEN WE DON'T BELIEVE MARCH 28 IS A

7   SUFFICIENT TIME FOR US TO TAKE HIS DEPOSITION AND GET IT

8   TRANSCRIBED AND BE READY.  SO WE DON'T OBJECT TO

9   MARCH 28TH AS THE TRIAL DATE AS LONG AS THEY PRODUCE THEIR

10  REPORT TO US ON MARCH 7.

11            THE COURT:  WHY DON'T YOU TAKE HIS DEPOSITION

12  NOW?

13            MR. ACKER:  WE CERTAINLY CAN, YOUR HONOR, BUT IT

14  SOUNDS LIKE HE'S NOT EVEN GOING TO MAKE A DECISION UNTIL

15  FEBRUARY 28 AS TO WHETHER OR NOT TO SPEAK TO HIM TO WAIVE

16  HIS FIFTH AMENDMENT RIGHTS, IS MY UNDERSTANDING.

17            MR. ROSS:  YOUR HONOR, WE CAN GIVE IT TO THEM BY

18  THE 7TH.

19            MR. ACKER:  THAT WILL BE FINE, YOUR HONOR.  THEN

20  WE WILL BE PREPARED TO PROCEED ON MARCH 28.

21            THE COURT:  ALL RIGHT.  IF YOU WILL GIVE ME A

22  SCHEDULE, I'LL APPROVE IT.  THANK YOU.

23

24                     END OF TRANSCRIPT

25
```

1                          CERTIFICATE

2        THIS IS TO CERTIFY THAT THE FOREGOING TRANSCRIPT OF

3    PROCEEDINGS TAKEN AT THE CIVIL SESSION OF UNITED STATES

4    DISTRICT COURT IS A TRUE AND ACCURATE TRANSCRIPTION OF THE

5    PROCEEDINGS TAKEN BY ME IN MACHINE SHORTHAND AND

6    TRANSCRIBED BY COMPUTER UNDER MY SUPERVISION.

7        THIS THE 26TH DAY OF AUGUST, 2011.

8

9                          /S/ DONNA J. TOMAWSKI

10                         DONNA J. TOMAWSKI
                           OFFICIAL COURT REPORTER
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25