```
1                    UNITED STATES DISTRICT COURT
                   EASTERN DISTRICT OF NORTH CAROLINA
2                          WESTERN DIVISION

3


4    UNITED STATES OF AMERICA,      )
                                    )
5                                   )
                  PETITIONER,       )
6                                   )

7          VS                       ) CASE NO. 5:08-HC-2095-BO

8                                   )
                                    )
9    JOSEPH AARON EDWARDS,          )
                                    )
10                RESPONDENT.       )

11


12


13


14                          STATUS CONFERENCE

15                           JANUARY 7, 2011

16              HONORABLE TERRENCE W. BOYLE, PRESIDING

17


18
     APPEARANCES:
19
          MR. R. A. RENFER, JR.
20        ASSISTANT UNITED STATES ATTORNEY
          310 NEW BERN AVENUE
21        RALEIGH, NC   27601
          (FOR THE GOVERNMENT)
22
          MR. EDWARD D. GRAY
23        ASSISTANT UNITED STATES ATTORNEY
          310 NEW BERN AVENUE
24        RALEIGH, NC   27601
          (FOR THE GOVERNMENT)
25
```

```
 1    APPEARANCES:  (CONT.)

 2        MR. ERIC BRIGNAC
          ASSISTANT FEDERAL PUBLIC DEFENDER
 3        150 FAYETTEVILLE STREET
          SUITE 450
 4        RALEIGH, NC   27601
          (FOR THE RESPONDENT)
 5
          MR. JOSEPH ROSS
 6        ASSISTANT FEDERAL PUBLIC DEFENDER
          150 FAYETTEVILLE STREET
 7        SUITE 450
          RALEIGH, NC   27601
 8        (FOR THE RESPONDENT)

 9        MR. KAY LEWIS
          APACHE INTERPRETER
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25    SHARON K. KROEGER, COURT REPORTER
      MACHINE SHORTHAND REPORTER, COMPUTER AIDED TRANSCRIPTION
```

```
 1              THE COURT:  PLEASE BRING EDWARDS IN.
 2              GOOD MORNING, MR. RENFER AND MR. GRAY.  ARE
 3   YOU MR. BRIGNAC?
 4              MR. BRIGNAC:  YES, SIR.
 5              THE COURT:  YOU ARE WITH THE PUBLIC DEFENDER?
 6              MR. BRIGNAC:  YES, SIR.
 7              THE COURT:  OKAY.  MR. BRIGNAC AND MR. ROSS,
 8   YOU ARE HERE TO REPRESENT THE DEFENDANT?
 9              MR. ROSS:  YES, YOUR HONOR.
10              THE COURT:  DOES HE SPEAK ENGLISH?
11              MR. ROSS:  HE DOES.
12              MR. BRIGNAC:  YES, SIR.
13              THE COURT:  ALL RIGHT.  MR. EDWARDS HAS BEEN
14   DETAINED SINCE JULY 1, 2008.
15              DID YOU SWEAR THE INTERPRETER?
16              THE CLERK:  NO, I HAVE NOT.
17              THE COURT:  ALL RIGHT.
18              (WHEREUPON, MR. KAY LEWIS WAS SWORN AS THE
19   INTERPRETER.)
20              THE COURT:  DOES THE CLIENT NOT SPEAK ENGLISH?
21              MR. ROSS:  HE SPEAKS ENGLISH, BUT HE PREFERS
22   TO HAVE AN APACHE INTERPRETER.
23              THE COURT:  DO YOU GET TO DO THAT?
24              MR. ROSS:  ALL I KNOW IS THAT IN HIS ORIGINAL
25   CRIMINAL TRIAL, HE HAD AN APACHE INTERPRETER.
```

1         THE COURT: OKAY. I MEAN, IF YOU SPOKE
2 FRENCH, WOULD YOU -- AND YOU WERE AN AMERICAN AND SPOKE
3 ENGLISH, WOULD YOU GET TO HAVE A FRENCH INTERPRETER
4 BECAUSE WOULD YOU PREFER THAT?
5         MR. ROSS: I DO NOT KNOW.
6         THE COURT: OKAY. IT SEEMS TO ME THE ANSWER
7 IS NO. BUT, AN INTERPRETER IS PROVIDED FOR THE ESSENTIAL
8 NEED OF THE CLIENT, NOT FOR THE DISCRETIONARY NEED OF THE
9 CLIENT. BUT ANYWAY.
10         SO IF WE HAVE THE NEXT PROCEEDING IN THIS
11 CASE, I WANT TO REVIEW, AND THE BURDEN IS ON YOU. THERE
12 WON'T BE AN INTERPRETER UNLESS YOU ARE ABLE TO
13 DEMONSTRATE THAT YOU ARE ENTITLED TO AN INTERPRETER.
14         NO REACTION?
15         MR. ROSS: YES, YOUR HONOR.
16         THE COURT: OKAY. THERE YOU GO.
17         AND SO HE WAS CERTIFIED ON JULY 8 AFTER HE
18 APPROACHED THE TERMINATION OF HIS SENTENCE WHICH WAS AN
19 84 MONTHS SENTENCE FOR BEATING AND RAPING A MINOR.
20         MR. ROSS: YES, YOUR HONOR. HE WAS 17 AT THE
21 TIME.
22         THE COURT: HE WAS SENTENCED AS AN ADULT OR AS
23 A JUVENILE?
24         MR. ROSS: AS AN ADULT.
25         THE COURT: AND THIS WAS ON THE TERRITORIAL

```
 1    JURISDICTION OF THE UNITED STATES BECAUSE IT WAS ON A

 2    RESERVATION?

 3              MR. ROSS:  YES, YOUR HONOR.

 4              THE COURT:  AND DOES HE HAVE ANY OTHER SEXUAL

 5    PREDATORY PAST CONVICTIONS?

 6              MR. BRIGNAC:  HE WAS ADJUDICATED DELINQUENT

 7    HERE, YOUR HONOR, AND THAT WAS ALSO ON THE RESERVATION

 8    FOR AGGRAVATED ASSAULT, AND THAT DID APPEAR TO BE SEXUAL

 9    IN NATURE.

10              THE COURT:  SEPARATE AND APART FROM THE CRIME

11    THAT HE WAS SENTENCED ON?

12              MR. BRIGNAC:  YES.

13              THE COURT:  OKAY.  AND HE WAS HOUSED SOMEWHERE

14    OTHER THAN BUTNER PRIOR TO JULY 1?

15              MR. ROSS:  YES, YOUR HONOR.  HE WAS HOUSED AT

16    FCI-PHOENIX FROM 3/02 TO 12/01, FCI-ATWATER FROM 12/02 TO

17    FROM 2007, AND THEN HE MADE HIS TRIP OVER TO BUTNER

18    WITHIN A COUPLE OF MONTHS AND ARRIVED THERE, I BELIEVE,

19    10 OF '07.

20              THE COURT:  OCTOBER OF '07?

21              MR. ROSS:  YES, YOUR HONOR.

22              THE COURT:  SO HE WAS A REGULAR SENTENCED

23    INMATE IN BUTNER BEFORE HE WAS CERTIFIED THERE?

24              MR. ROSS:  YES, YOUR HONOR.

25              THE COURT:  WAS HE THERE AS A REGULAR
```

1  SENTENCED INMATE BECAUSE HE WAS INVOLVED IN THE SEXUAL
2  TREATMENT PROGRAM?
3           MR. ROSS:  NO, YOUR HONOR.
4           THE COURT:  HE WAS JUST THERE BECAUSE THAT WAS
5  HIS SECURITY GRADE AND THAT WAS WHERE THEY HOUSED HIM?
6           MR. ROSS:  I BELIEVE BECAUSE THE GOVERNMENT
7  WAS GETTING READY TO CERTIFY FOLKS AND THAT WAS THE
8  REASON HE WAS BROUGHT THERE.
9           THE COURT:  SO HE WAS IN THE PROCESS OF BEING
10 SCREENED, AS FAR AS YOU BELIEVE?
11          MR. ROSS:  YES, YOUR HONOR.
12          THE COURT:  IN ANTICIPATION OF A DECISION, HE
13 CAME TO BUTNER?
14          MR. ROSS:  YES.
15          THE COURT:  DO YOU KNOW IF THAT HAPPENS WITH
16 RESPECT TO SOME OTHER DETAINEES WHO ARE ADVANCED TO
17 BUTNER AND THEN NOT CERTIFIED?
18          MR. ROSS:  THAT I DO NOT KNOW.
19          THE COURT:  AND HE HAS A MOTION TO TRANSFER
20 VENUE, AND ALSO A MOTION TO HAVE A HEARING UNDER 4248?
21          MR. ROSS:  YES, YOUR HONOR.
22          THE COURT:  SO THE VENUE MATTER IS A
23 PROCEDURAL MATTER THAT ISN'T DISPOSITIVE, BUT THE HEARING
24 COULD BE, AND HE IS IN THE PROCESS OF GOING FORWARD
25 TOWARDS A HEARING NOW?

1      MR. ROSS:  I WILL LET MR. BRIGNAC SPEAK TO
2 THAT.
3      MR. BRIGNAC:  ACTUALLY, MR. EDWARDS
4 COMMUNICATED TO US WHEN WE SAW HIM THIS WEEK THAT HIS
5 MAIN PRIORITY IS TO GET A HEARING AS QUICKLY AS POSSIBLE,
6 AND IF THAT MEANT WITHDRAWING HIS VENUE MOTION AND MOTION
7 TO DISMISS, HE WOULD BE WILLING TO DO THAT.  THAT IS
8 PRACTICALLY WHAT HE WANTS IS A HEARING AS QUICKLY AS
9 POSSIBLE.
10      THE COURT:  AND WHERE ARE YOU IN THE HEARING
11 TRAJECTORY?
12      MR. BRIGNAC:  JUDGE, WE HAVE DISCOVERY FROM
13 THE GOVERNMENT, ALTHOUGH BECAUSE WE BELIEVE THAT THIS
14 CASE WOULD BE DISMISSED, WE WOULD NEED AN EXTENSION TO
15 RESPOND TO THE GOVERNMENT'S DISCOVERY BECAUSE, IN ALL
16 HONESTY, WE HAVE BEEN -- UNTIL THIS WEEK, WORKING ON THE
17 ASSUMPTION WITH MR. EDWARDS THAT THE CASE WOULD BE
18 ULTIMATELY DISMISSED ON THE BRONCHEAU GROUNDS WHICH WE
19 FILED IN THIS COURT.  SO CERTAINLY IF THIS COURT WANTS,
20 WE WILL START WORKING THIS AFTERNOON ON GETTING THE
21 HEARING PROCESS MOVING FROM OUR END, BUT THAT IS WHERE WE
22 ARE.
23      THE COURT:  WELL, WHAT DO YOU THINK THE TIMING
24 IS, ASSUMING THAT BRONCHEAU GETS REVERSED.  WHAT IS THE
25 TIMING ON GETTING TO A HEARING; THIS SUMMER?

```
 1            MR. BRIGNAC:  YOUR HONOR, I THINK THAT MIGHT
 2   BE THE EARLIEST POSSIBLE TIME JUST BECAUSE AS YOU KNOW
 3   THERE WOULD BE MATTERS ABOUT EXPERTS, POSSIBLE DAUBERT
 4   HEARINGS, THERE IS A LOT ABOUT THIS LITIGATION IN THIS
 5   DISTRICT THAT WOULD HAVE TO BE RESOLVED POSSIBLY IN A
 6   PRETRIAL WAY BEFORE HEARINGS BEGAN.
 7            SUMMER IS CERTAINLY POSSIBLE THOUGH.
 8            THE COURT:  DOES HE HAVE A TERM OF SUPERVISED
 9   RELEASE?
10            MR. BRIGNAC:  FIVE YEARS, YOUR HONOR.
11            THE COURT:  WHAT WAS THE CRIME?  WAS IT AN
12   ASSIMILATED CRIME THAT HE WAS CONVICTED OF?
13            MR. BRIGNAC:  IT, ACCORDING TO THE
14   CERTIFICATE, IT LOOKS LIKE IT WAS ACTUALLY JUST A TITLE
15   18 CRIME, SECTION 1153, SECTION 2244.
16            THE COURT:  AND I MEAN IS THAT ASSAULT OR IS
17   IT RAPE OR WHAT?
18            MR. BRIGNAC:  AGGRAVATED SEXUAL ABUSE.
19            THE COURT:  AND THAT IS -- IT'S A TITLE 18
20   CRIME BECAUSE IT'S ON THE TERRITORY OF THE UNITED STATES?
21            MR. BRIGNAC:  RIGHT.  YES, SIR.
22            THE COURT:  DO YOU WANT TO BRING FORWARD
23   ANYTHING TODAY WITH REGARD TO HIS CASE?
24            MR. BRIGNAC:  YOU KNOW, OTHER THAN THE NEW
25   INFORMATION THAT HE WOULD BE WILLING TO WITHDRAW HIS
```

```
 1   MOTIONS FOR THE SAKE OF AN EXPEDITED HEARING, NO.
 2   THAT'S ALL WE WOULD HAVE IN ADDITION TO WHAT WE HAVE
 3   FILED.
 4              THE COURT:  IS THE INTERPRETER INTERPRETING?
 5              THE INTERPRETER:  YAH.
 6              THE COURT:  HE IS?
 7              MR. BRIGNAC:  THE CLIENT WOULD LIKE TO PRESENT
 8   THIS.
 9              THE COURT:  HAVE THEY SEEN IT?
10              MR. RENFER:  NO.
11              MR. BRIGNAC:  WOULD YOU LIKE TO SEE THIS, YOUR
12   HONOR?  I CAN SUMMARIZE FOR YOU.
13              MR. RENFER:  WE DON'T HAVE ANY OBJECTION, YOUR
14   HONOR, ALTHOUGH SOME OF THE INFORMATION IS NOT CORRECT.
15   HE SAID DISCOVERY HAS NOT BEEN PRODUCED AND WE DID TIMELY
16   PROVIDE ALL OF THE DISCOVERY THAT HAS BEEN REQUIRED UNDER
17   THE STANDING ORDER ON TIME.
18              THE COURT:  OKAY.
19              MR. BRIGNAC:  YES.
20              THE COURT:  WHAT IS HIS ISSUE?
21              MR. BRIGNAC:  YOUR HONOR, HE SAYS HE WISHES TO
22   PROCEED WITH THE HEARING BEFORE JUDGE BOYLE AS QUICKLY AS
23   POSSIBLE.  HE OBJECTS TO ANY CONTINUANCE BY EITHER PARTY
24   BECAUSE HE WANTS TO BE TAKEN TO A HEARING PROMPTLY.
25              HE DOES MENTION, ALTHOUGH WE AGREE WITH THE
```

1  GOVERNMENT THAT HE HAS NOT -- WE HAVE NOT RECEIVED
2  DISCOVERY, WE ACTUALLY HAVE RECEIVED DISCOVERY, AND HE
3  REQUESTS THE COURT TO ALLOW HIM TO WITHDRAW HIS MOTION
4  FOR CHANGE OF VENUE AND HIS MOTION TO DISMISS SO HE MAY
5  PROCEED TO HIS HEARING IN A TIMELY MANNER.
6           THE COURT:  ALL RIGHT.  WELL, I WAS GOING TO
7  RULE AGAINST HIM ON THE MOTION TO TRANSFER TO ARIZONA
8  BECAUSE I THINK GIVEN THE POSTURE OF ALL OF THESE CASES
9  NOW, THERE IS A POLICY INITIATIVE TO KEEP THEM HERE AND
10 THE FOURTH CIRCUIT IS SO INCLINED.
11          AND I WILL ALLOW HIM TO WITHDRAW HIS MOTIONS
12 AND I THINK IF YOU WANT TO PROPOUND WHAT YOU BELIEVE TO
13 BE A REALISTIC SCHEDULE TO GET THIS CASE HEARD, I WILL BE
14 GLAD TO RULE ON THAT SCHEDULE AND EITHER WORK WITH YOU OR
15 GIVE YOU AN ORDER THAT BOTH SIDES CAN USE TO FINE TUNE
16 THE STANDING ORDER AND MOVE THIS CASE FORWARD ON THE
17 MERITS.
18          MR. BRIGNAC:  YES, SIR.  THANK YOU, SIR.
19          THE COURT:  I DON'T THINK I AM INCLINED TO ADD
20 TO THE BRONCHEAU COMPLEMENT OF CASES NOW UNTIL I SEE WHAT
21 THEY DO.
22          YOU HAVEN'T HAD ANY INDICATION THAT THEY ARE
23 GOING TO HAVE ORAL ARGUMENT?  THEY ARE IN THE BRIEFING
24 SCHEDULE NOW?
25          MR. RENFER:  THE GOVERNMENT'S BRIEF IS DUE

```
 1    MONDAY, YOUR HONOR.  I AM OBTAINING A DRAFT OF IT THIS
 2    MORNING AND IT WILL BE FILED ON MONDAY.  AND SO, NO, WE
 3    DO NOT HAVE A BRIEFING ORDER.
 4              THE COURT:  AND THEN THE DEFENSE HAS A REPLY
 5    BRIEF?
 6              MR. RENFER:  YES.
 7              THE COURT:  AND YOU HAVE A BRIEF.
 8              MR. RENFER:  YES.
 9              THE COURT:  REBUTTAL?
10              MR. RENFER:  YES.
11              THE COURT:  THE CASE WON'T BE READY TO ARGUE
12    UNTIL THE END OF THE SPRING OR MAYBE OVER THE SUMMER.
13              MR. RENFER:  INTO THE SPRING, I WOULD HOPE.
14              MR. BRIGNAC:  YOUR HONOR, I BELIEVE -- I MIGHT
15    BE MISREMEMBERING -- BUT I BELIEVE THEY ACTUALLY SET AN
16    EXPEDITED ORAL ARGUMENT FOR MARCH.
17              MR. RENFER:  THAT'S CORRECT.  I AM SORRY.
18    THEY DID.  I HAD FORGOTTEN THAT.
19              THE COURT:  REALLY.
20              MR. RENFER:  THEY DID SET AN EXPEDITED
21    HEARING, BUT I DON'T REMEMBER THE DATE.
22              MR. BRIGNAC:  I DON'T KNOW IF THE DATE HAS
23    BEEN SET, BUT AS OF NOW, YOUR HONOR, IT'S THE MARCH TERM.
24              THE COURT:  THAT WAS AN ORDER SIGNED BY THE
25    CLERK OR SIGNED BY THE PANEL?
```

1           MR. BRIGNAC: I DO NOT RECALL. I JUST KNOW
2 THAT THE SCHEDULE CAME DOWN. IT WAS AN EXPEDITED
3 SCHEDULE. THERE WAS AN UNDERSTANDING THAT THERE WOULD BE
4 NO CONTINUANCES, AND THE ORAL ARGUMENT IS SET FOR MARCH.
5           MR. RENFER: I AM SORRY. I HAD FORGOTTEN.
6 THAT IS EXACTLY CORRECT, YOUR HONOR.
7           THE COURT: INTERESTING. SO THEY ARE GOING TO
8 ARGUE IT?
9           MR. RENFER: YES. THEY ARE GOING TO ARGUE IT.
10          THE COURT: OKAY. I AM SURPRISED, AFTER THE
11 CONCLUSIVENESS OF COMSTOCK 2.
12          MR. RENFER: DIFFERENT -- COMPLETELY DIFFERENT
13 ISSUES THOUGH, YOUR HONOR, SO I WOULD EXPECT THAT THEY
14 WOULD WANT ARGUMENT ON IT.
15          THE COURT: OKAY. I THOUGHT THEY WERE CLOSING
16 THE DOOR PERMANENTLY WITH COMSTOCK 2. THEY JUST SORT OF
17 BRUSHED <u>TIMMS</u> ASIDE AND SAID, WELL, HERE IS THE REAL
18 CASE.
19          MR. RENFER: BUT BRONCHEAU HAS BEEN, AS IN
20 YOUR ORDER, IT'S A STATUTORY CONSTRUCTION NOT REALLY
21 DEALING WITH COMSTOCK OR TIMMS. IT'S AN ARGUMENT BY
22 ITSELF, YOUR HONOR.
23          THE COURT: WELL, DIDN'T THEY HOLD THE STATUTE
24 IN THE SECOND COMSTOCK TO BE CONSTITUTIONAL?
25          MR. RENFER: YES, SIR.

```
 1              THE COURT:  THEY DID NOT -- THEY HAVE NOW
 2    PASSED WHAT THE SUPREME COURT LEFT OPEN.
 3              MR. RENFER:  YES.
 4              THE COURT:  ON THE BASIC CONSTITUTIONALITY ON
 5    DUE PROCESS.
 6              MR. RENFER:  YES, THEY HAVE.  AND IF YOU ARE
 7    SAYING --
 8              THE COURT:  AND IT SEEMS LIKE BRONCHEAU WOULD
 9    BE REDUNDANT.
10              MR. RENFER:  I THINK IT'S A SUBSET BECAUSE
11    BRONCHEAU REALLY DOES NOT DEAL WITH THE DUE PROCESS
12    ARGUMENTS.  IT'S STATUTORY CONSTRUCTION WHETHER OR NOT 48
13    IS THE MECHANISM IN THESE TYPES OF CASES WHERE SUPERVISED
14    RELEASE IS AVAILABLE.
15              THE COURT:  THE ONLY MECHANISM.  THEY COULD
16    AFFIRM BRONCHEAU AND SAY THEN IN LIGHT OF COMSTOCK, THE
17    GOVERNMENT CAN CERTIFY PEOPLE AS IT'S DOING OR THEY COULD
18    ELECT NOT TO DO THAT AND TO DO A 4241, WHICH YOU WON'T
19    DO, BUT THEY COULD SAY THAT THESE REALLY AREN'T AT ODDS
20    WITH EACH OTHER.  ONE IS PROBABLY -- THE BRONCHEAU
21    WORKOUT IS PROBABLY NEVER GOING TO HAPPEN, BUT IT DOESN'T
22    MEAN IT COULDN'T HAPPEN.
23              MR. RENFER:  I DON'T CONSTRUE BRONCHEAU IN
24    THAT WAY, YOUR HONOR.  I SEE THIS COURT'S OPINION IN
25    BRONCHEAU TO SAY THAT THESE CASES WITH SUPERVISED RELEASE
```

```
 1   UNDER STATUTORY CONSTRUCTION MUST BE BROUGHT UNDER 4241.
 2   THAT IS THE WAY I AM READING.
 3             THE COURT:  I THINK THAT IS A FAIR READING.
 4   THE PROBLEM THAT WAS DEALT WITH IN BRONCHEAU WAS WHAT DO
 5   YOU DO WITH THE SUPERVISED RELEASE, AND HOW DO YOU
 6   AVOID --
 7             MR. RENFER:  EXACTLY.
 8             THE COURT:  -- THE ESSENTIAL QUALITY OF A
 9   FINAL JUDGMENT.
10             MR. RENFER:  THAT IS THE WAY I SEE YOUR
11   HONOR'S OPINION AS WELL, AND I DON'T SEE THAT COMSTOCK
12   FORECLOSES THAT ARGUMENT.
13             AS YOU UNDERSTAND, I DON'T AGREE WITH THE
14   POSITION, BUT I DON'T THINK IT FORECLOSES THAT ARGUMENT.
15             THE COURT:  RIGHT.  WELL, I THINK THAT YOU
16   HAVE YOUR MARCHING ORDERS IN THIS CASE, AND YOU CAN
17   PROCEED ACCORDINGLY.
18             MR. BRIGNAC:  THANK YOU, YOUR HONOR.
19             THE COURT:  OKAY.  THANK YOU.
20             (WHEREUPON, THE PROCEEDINGS WERE ADJOURNED.)
21
22
23
24
25
```

1
2
3
4            <u>CERTIFICATE</u>
5
6            THIS IS TO CERTIFY THAT THE FOREGOING
7    TRANSCRIPT OF PROCEEDINGS TAKEN IN THE UNITED STATES
8    DISTRICT COURT IS A TRUE AND ACCURATE TRANSCRIPTION OF
9    THE SHORTHAND NOTES, CONSISTING OF THE WHOLE THEREOF, OF
10   THE PROCEEDINGS TAKEN BY ME IN MACHINE SHORTHAND AND
11   TRANSCRIBED BY COMPUTER UNDER MY SUPERVISION.
12            DATED THIS 29TH DAY OF AUGUST, 2011.
13
14                              <u>/S/ SHARON K. KROEGER</u>
                                COURT REPORTER
15
16
17
18
19
20
21
22
23
24
25